JOHN RAHER, Appellant, v. T. J. RAHER and ELLEN L. RAHER, Appellees.

**Wills:** LEGACY: PAYMENT BY DEVICE: ENFORCEMENT. The pleadings and evidence in this action brought to cancel a land contract on the ground of fraud, to construe a will and establish

the lien of a legacy, are reviewed and it is held that the contract should be set aside and that the land devised should be charged with the lien of a judgment in favor of the legatee, though in a sum less than that provided in the will owing to an agreement of the parties.

**Appeal:** DENIAL OF ABSTRACT. A simple denial that an abstract contains the entire record will be disregarded.

*Appeal from Iowa District Court.*— HON. O. A. BYINGTON, Judge.

THURSDAY, JUNE 7, 1906.

SUIT in equity to set aside a contract for fraud and misrepresentation; to construe a will and establish a legacy and have it declared a lien upon certain lands devised to defendant T. J. Raher. Various pleadings were filed, to all of which we shall refer, and the cause was tried to the court, resulting in decree dismissing plaintiff's petition. Plaintiff appeals.— *Reversed* and *remanded.*

*J. M. Dower,* for appellant.

*J. D. Butler,* for appellees.

DEEMER, J.— As we understand the opinion of the trial court, the case was dismissed because of an alleged settlement between the parties. The case is an unusual one, due to the character of the pleadings filed and of the evidence adduced; and for its proper determination here a review of both the pleadings and evidence is necessary. It appears that one Thomas Raher, father of plaintiff and of defendant, T. J. Raher, made a will, one clause of which reads as follows:

1. WILLS: legacy: payment by legatee: enforcement.

I give to my son Thomas (the defendant) the north 135 acres of the N. W. ¼, section 23, township 78 N., Range 10 W. of the 5th P. M. In case the whereabouts of my son John (plaintiff), should ever become known at any time within 30 years from the event of my death, I direct

that my son Thomas shall pay him (John) $1,500.00, and to secure payment of the above obligation, I direct that it shall be a lien on the south 55 acres of the above premises devised to said Thomas.

This will was executed November 30, 1893, and testator died in the year 1896. Thereafter John Raher, plaintiff, and defendants, who are husband and wife, entered into a contract whereby defendants agreed to sell plaintiff a certain forty acres of the one hundred and thirty-five mentioned in the will for the sum of $2,800, to be paid as follows:

$1,500.00 of said purchase being the amount charged against said and other lands of said Thomas Raher, by the will of Thomas Raher, deceased, and the remainder to be paid in cash by the second party, as follows, to wit, whenever said parties of the first part shall execute and deliver to second party a good and sufficient warranty deed of said premises, above described, together with an abstract of title showing title to be unincumbered in any manner. The said second party hereby agrees to purchase said premises on the terms above set out, and agrees, hereby, that upon the delivery to him of said deed and abstract of title, above set out, he will execute and deliver to said first parties a quit-claim deed to the north ninety-five acres of the above-described tract. This contract to be carried out on or before February 25, 1905.

This contract was executed July 8, 1904. Thereafter and on September 28, 1904, plaintiff brought this action to set aside the contract on the ground of fraud and misrepresentations, to establish the legacy provided for in the will, and to have it declared a lien upon the entire real estate. Defendants admitted the execution of the will, and that it had been duly probated, but denied generally, as we understand it. Thereupon plaintiff filed an additional count to his petition, which is so peculiar that we set it out *in extenso:*

Par. 1. That on or about the time the notice of this action was served upon defendants, plaintiff, in order to

avoid any litigation and trouble, offered to deduct $100 of the foregoing amount, that defendant, T. J. Raher, owed plaintiff according to said last will and testament of Thomas Raher, and that said offer was verbally accepted and agreed to by defendants, and it being further verbally agreed between them that, upon the receipt of said balance, plaintiff was to relinquish all rights to said land contract, and that the same should be set aside and canceled. That plaintiff has always kept said offer good, and that the same has not been revoked, and said agreement is still in force, and plaintiff is now willing to deduct said $100 in accordance with said agreement: Wherefore, plaintiff asks judgment upon this count against defendant, T. J. Raher, for the said sum of $1,500 with interest, less said $100, and that said contract be set aside and held for naught, and that the lien created in said last will and testament in favor of plaintiff be foreclosed to enforce said judgment and execution issue therefor and for such other relief as may be equitable in the premises and for costs.

To this defendants filed answer in which they admitted an obligation to pay plaintiff $1,500 on July 8, 1904, but denied other allegations. Upon these issues the case was tried upon testimony taken in open court, the purport of which was that, the day before this suit was commenced, plaintiff agreed with defendants to settle his claim for $1,400, to be paid within thirty days; that a banker promised to furnish T. J. Raher the money within thirty days, and defendants were to release the contract and plaintiff was to cancel his lien upon the land devised. Testimony was adduced to the effect that this suit was commenced the next day, and that the parties again met, and plaintiff said he wanted the suit " called off," and wished to be released from his contract, and that defendants' attorney said, in the presence of the defendant T. J. Raher, that he would telephone to plaintiff's attorney to dismiss the suit. There was also other testimony of an agreement of settlement for $1,400, and to the effect that the parties were in some manner to have the original petition dismissed. The banker who was

to furnish the money was a witness, and he said that plaintiff and defendant T. J. Raher came to him about a loan, and he told them they could have the money if they would get the land appraised. Plaintiff said to the banker that defendants had been fooling around with him, and the banker said he did not see how he could lose his money. Most of this testimony was taken under objection. The trial court, after hearing it, rendered the following opinion:

It appears that plaintiff agreed to deduct $100 from the amount due on the legacy and cancel the contract. It is undisputed that the defendant agreed thereto, and an effort was made to secure the money and carry out the settlement. But plaintiff brought suit and did not dismiss the same, and proceeded with the trial of the case. Under these circumstances, we do not think it necessary for the defendant to make a tender in accordance with the terms of the settlement in order to prevent the settlement being established against him. We shall therefore enter a judgment dismissing the petition of the plaintiff at his costs, and will enter exceptions of the plaintiff.

From this recitation of the facts, it will be observed that the case is a most peculiar one. The original petition was filed September 28, 1904, and the amended one pleading the settlement was filed January 12, 1905. The answer to the amended petition admits that defendant T. J. Raher was obliged to pay $1,500 July 8, 1904, and denied each and every other allegation of the amendment. The alleged settlement was in no manner challenged, except by a denial, and it is clearly proved by the evidence. We are at a loss to know what to do with the case. There seems to have been an agreement, based upon a sufficient consideration, that the contract between these parties should be canceled as prayed in the original petition; and defendants admit their obligation to pay plaintiff the $1,500 as provided for in the will. Plaintiff says that he agreed to throw off $100 of this amount in order to have the contract canceled, and

that defendant agreed to pay him $1,400 within thirty days. There was a suggestion that the original suit should be dismissed, but this seems to have been left to the attorneys. Defendant did not pay or make arrangements for the money within the time fixed, and hence plaintiff filed his amendment to the petition. Taking the case as a whole, it seems that there was an agreement, upon a sufficient consideration, that the contract should be canceled, and that plaintiff was to release his lien and discount his claim $100. Defendants were to pay plaintiff $1,400 in cash within thirty days, which they did not do. Plaintiff agreed to take the $1,400 and discount his claim as agreed. The settlement was not pleaded in defense to plaintiff's original petition. He pleaded this himself and sought to recover thereon. Defendants denied the settlement, but admitted liability to plaintiff in the sum of $1,500. The settlement itself is in no manner challenged by defendants, save in the general denial filed by them.

What should the decree be under such circumstances? The case is in equity, and we are constrained to hold that plaintiff should have had judgment, canceling the land contract against both defendants, and a judgment against T. J. Raher for the sum of $1,400, with six per cent. interest from October 27, 1904, which shall be a lien upon the entire 135 acres until paid; defendants to pay all costs. This is fair, equitable, and just, and the cause will be remanded for the entry of such a decree. The trial court dismissed the petition with its amendment because of an alleged settlement, which was not pleaded in defense. It turned plaintiff out of court, as we understand it, because plaintiff had not complied with the terms of the settlement and dismissed his case. As we have said, defendants did not ask this, and there is not sufficient evidence to show that this was one of the conditions of the settlement.

Appellees say that we do not have the entire record before us and hence cannot consider the case. There is a pre-

sumption that we have the entire record, and to this is added
2. APPEAL:    a certificate from appellant's counsel to that ef-
denial of
abstract.    fect.   True appellees have filed an amended
abstract denying that we have the entire record, but contain-
ing nothing material by way of amendment.   Under our
present practice, this general denial amounts to nothing, and
must be disregarded.   We must assume that the entiré rec-
ord is before us.

A motion to dismiss the case was submitted and over-
ruled before the case was given to us on final submission.

We unite in the conclusion that the decree must be re-
versed, and the cause remanded, for one in harmony with
this opinion.— *Reversed* and *remanded.*